LILLIE MAE BARBOUR v. CITY COACH COMPANY, a CORPORATION
No. 6827SC305

(Filed 11 December 1968)

1. **Negligence § 34— sufficiency of evidence of contributory negligence**
    If there is any competent evidence tending to establish the defense of contributory negligence, whether from plaintiff or defendant, or inferences of fact fairly deducible therefrom tending to support the defendant's affirmative defense, the defendant is entitled to have the issue submitted to the jury with appropriate instructions from the court.

2. **Carriers § 19;   Negligence § 34— sufficiency of evidence of contributory negligence of bus passenger**
    In an action by plaintiff bus passenger for injuries received from a fall when defendant's bus started before plaintiff was seated, the issue of plaintiff's contributory negligence was properly submitted to the jury where there was evidence tending to show that plaintiff boarded a nearly empty bus and had ample opportunity to be seated, but chose instead either to pass numerous empty seats and negotiate her way toward the rear of the bus or to stand in the aisle of the bus while the bus was in motion.

3. **Negligence §§ 26, 34— contributory negligence — allegation and proof**
    A defendant must prove contributory negligence substantially as alleged in the answer.

4. **Carriers § 19;   Negligence §§ 23, 33— contributory negligence — conformity of pleading and proof**
    In an action for personal injuries received when defendant's bus started before plaintiff was seated, an allegation in defendant's answer that plaintiff "stood in the aisle of the bus instead of being seated" *is held* to allege contributory negligence of plaintiff in substantial conformity with defendant's evidence tending to show that plaintiff had ample opportunity to be seated but chose to walk past empty seats to the rear of the bus.

5. **Carriers § 19;   Trial § 33— error in charge cured by further instructions**
    In an action for personal injuries received by a passenger on defendant's bus, error committed by the court in defining contributory negligence by its statement that the same rule of due care imposed upon the defendant applies equally to the plaintiff *is held* cured by the court's further instruction that "I told you about due care a little while ago, but this action is brought against what is known in law as a common carrier" and the court's statement of the proper standard of care required of the defendant common carrier.

APPEAL by plaintiff from *Froneberger, J.*, at the 13 May 1968 Session of GASTON Superior Court.

Plaintiff filed complaint 17 January 1967 alleging: That about 7:10 a.m. on 10 May 1966 she boarded defendant's bus at the inter-

section of Broad Street and East Main Avenue in the city of Gastonia, N. C.; that after she boarded the bus and paid her fare and as she was finding her seat, defendant's driver abruptly started the bus south on Broad Street and swerved west on Airline Avenue with such force that plaintiff was thrown down and fell into the rear stairwell of the bus, resulting in injury.

Defendant answered, denying plaintiff's allegations of negligence and alleging, as a further answer and defense, that defendant's agent waited until plaintiff could or ought to have been seated before starting the bus and that the plaintiff was negligent in "that the plaintiff carelessly and negligently stood in the aisle of the bus instead of being seated and was standing, talking to a passenger."

Plaintiff testified that, because the bus was nearly full, she was moving to the available seats in the rear of the bus; that she was holding on to seats until she was at a position even with the rear door where there were no seats, and that at that moment the driver swerved around the corner, resulting in her fall and injury.

The evidence favorable to defendant tended to show that there were only five or six passengers on the bus at the time of the accident and that there were many vacant seats near the front; that plaintiff was a regular passenger and defendant's driver waited for the customary interval after plaintiff entered the bus. Defendant's driver testified that after waiting he started the bus down Broad Street, stopped at the railroad tracks, and then drove on to the intersection of Broad Street and Airline Avenue, where the accident occurred, the total distance being some 204 feet.

The court submitted issues of negligence and contributory negligence, both of which were answered in the affirmative. Plaintiff appeals from judgment on this verdict.

*Frank P. Cooke and Childers & Fowler by Henry L. Fowler, Jr., for plaintiff appellant.*

*Ernest R. Warren and Sanders & Lafar by Julius T. Sanders for defendant appellee.*

BRITT, J.

The first issue presented by this appeal is whether the court erred in submitting an issue of contributory negligence to the jury.

[1] On the question of sufficiency of evidence of contributory negligence to require submission of the issue to the jury, the rule was well expressed in the case of *Kennedy v. Smith*, 226 N.C. 514, 39

S.E. 2d 380, where Devin, J. (later C.J.), stated: "True, there was other evidence on the part of plaintiff, and the burden of proof on the issue of contributory negligence was on the defendant, but if there was any competent evidence tending to establish this defense, whether from the plaintiff or defendant, or inferences of fact fairly deducible therefrom tending to support the defendant's affirmative defense, the defendant was entitled to have the issue submitted to the jury with appropriate instructions from the court." Likewise, in reversing for failure to submit the issue of contributory negligence, is the case of *Absher v. Raleigh,* 211 N.C. 567, 190 S.E. 897, where Stacy, C.J., states: " '* * * The right of trial by jury should be carefully preserved, and if there is any evidence, more than a scintilla, it is a matter for the jury and not the court' — Clarkson, J., in *Moseley v. R. R.,* 197 N.C., 628, 150 S.E., 184." See also *Phillips v. Nessmith,* 226 N.C. 173, 37 S.E. 2d 178.

[2]    In the instant case, the evidence was sufficient, if believed, to show that the plaintiff boarded a nearly empty bus and had ample opportunity to be seated, but chose instead either to pass numerous empty seats and negotiate her way toward the rear of the bus, or to stand in the aisle while the bus was in motion. Such a showing was sufficient to justify the trial judge's allowing the jury to determine whether plaintiff, under all of the circumstances of the case, had exercised due care for her own safety.

We must next determine if contributory negligence was properly pleaded. G.S. 1-139 provides: "In all actions to recover damages by reason of negligence of the defendant, where contributory negligence is relied upon as a defense, it must be set up in the answer and proved on the trial."

[3, 4]    We hold that defendant has substantially complied with this statute. The defendant expressly alleged that the plaintiff "stood in the aisle of the bus instead of being seated"; it is not reasonable to make a distinction between this allegation and walking past empty seats to the rear of the bus. This conclusion is supported by the case of *Moore v. Hales,* 266 N.C. 482, 146 S.E. 2d 385, where the court stated: "A plaintiff must prove negligence substantially as alleged in his complaint. *Messick v. Turnage,* 240 N.C. 625, 83 S.E. 2d 654. It is equally true that a defendant must prove (contributory) negligence substantially as alleged in his answer."

In the *Moore* case, however, it was found that the defendant's proof of contributory negligence did not match his allegation, since he had alleged that he, the defendant, was in the intersection before the plaintiff reached the intersection, while his proof indicated that

plaintiff was contributorily negligent in that, at a time when she could have avoided the accident, she should have seen that the defendant would fail to obey the stop sign facing defendant at the intersection. The court concluded that the allegations and the proof of contributory negligence were based on two different sets of facts.

In the case at hand, the allegations and evidence are based upon the same facts, that is, that empty seats were available near the front, but the plaintiff undertook to go to the rear of the bus while the bus was in motion. Obviously, one must be standing in order to walk. Further support of this view is given by the case of *Douglas v. Mallison*, 265 N.C. 362, 144 S.E. 2d 138, where the defendant alleged that plaintiff was negligent in that "(e) Plaintiff knew or should have known by the exercise of reasonable care, observation and prudence, that the A-frame folded back towards where he was seated for the purpose of transportation * * * and plaintiff failed and neglected to take precautions to prevent said frame from falling back towards him * * *." This was held sufficient to support a nonsuit for contributory negligence as a matter of law on the view that plaintiff should have known that the machine, used in moving pulpwood logs, lacked a chain brace on the right side and was dangerous in that condition.

[5]    Plaintiff contends that there was error in the charge, arguing that the charge confused the jury as to the standard of care imposed on the plaintiff relative to that imposed on the defendant, a common carrier. In defining contributory negligence, the court said: "The same rule of due care or ordinary care imposed upon the defendant in this matter applies equally to the plaintiff." Granting that left alone this would be error, it was cured a few moments later when the court said: "Ladies and gentlemen, I told you about due care a little while ago, but this action is brought against what is known in law as a common carrier." The court then went on to state the proper standard of care required of the defendant. By expressly relating the two passages of his charge, the judge obviated any possibility of confusion. 7 Strong, N. C. Index 2d, Trial, § 33, p. 330.

Plaintiff's contention that the court erroneously stated the contentions of the parties and the evidence cannot be sustained. The record shows no attempt by the plaintiff to correct any minor inaccuracies. As stated earlier, the pleadings support the contention that plaintiff had remained standing of her own accord at a time when she might have been seated. Moreover, the judge clearly instructed the jury that they were to be guided by their own recollec-

·tion of the evidence, rather than any statements of the evidence that might be made by the court in explaining the law.

We have considered all assignments of error brought forward in plaintiff's brief, but finding them without merit, they are overruled. The judgment of the superior court is

Affirmed.

BROCK and PARKER, JJ., concur.